.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PHILLIP SCOTT HARWELL,

     Plaintiff,

       v.

PACIFIC COUNTY,

and

STEVEN ROSS, in his capacity as a police officer for Pacific County, and as an individual,

     Defendants.

NO.

COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is a civil action seeking damages against the above-named defendant. The civil claims include and/or will include common law tort causes of action, statutory causes of action, and offenses committed under color of law resulting in a deprivation of rights secured by the Constitution and laws of the United States of America.

COMPLAINT FOR DAMAGES- 1

**MUENSTER & KOENIG**
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL:  JMKK1613@AOL.COM

## JURISDICTION AND VENUE

2.   This Court has personal and subject matter jurisdiction over plaintiff's federal civil rights claims under Title 42, United States Code, §1983, and Title 28, United States Code, §§ 1331 and 1343(a)(3).

3.   This Court has pendent jurisdiction over plaintiff's state law claims to be filed and over defendants as to said claims, pursuant to Title 28, United States Code, § 1367 (Judicial Improvements Act of 1990), Public Law No. 101-650, 104 Stat. 5089 (1990).

4.   The acts and omissions complained of herein occurred in Pacific County, Washington.

5.   Plaintiff Phillip Harwell is a resident and citizen of the state of Washington.

6.   Venue in this Court is proper pursuant to Title 28, United States Code, § 1391.

## PARTIES

7.   Plaintiff Phillip Harwell is a citizen of the United States and a citizen and resident of the state of Washington.

8.   Defendant Pacific County is a county organized under the laws of the State of Washington.  Defendant Pacific County is sued directly under Title 42, United States Code, §1983 as to the federal claims, and under the doctrine of *respondeat superior* as the state law claims to be filed herein.

9.   Defendant Pacific County includes, as one of its agencies, the Pacific County sheriff's office.

COMPLAINT FOR DAMAGES- 2

**MUENSTER & KOENIG**
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL:  JMKK1613@AOL.COM

10.    At all times material to this complaint, Steven Ross was a police Officer employed by defendant Pacific County.

11.    At all times material to this complaint, Mr. Ross was an agent and employee of defendant Pacific County, and was acting within the scope of his employment with Pacific County, under color of the laws of the State of Washington.

12(a).  Defendant Ross is sued in his individual capacity and in his official capacity as an agent and employee of defendant Pacific County.

12(b).  Pacific County indemnifies Mr. Ross for any damages awarded herein.

FACTUAL ALLEGATIONS

13.    On or about June 9, 2015, the Pacific County Board of Commissioners confirmed the emergency appointment of Steven Ross, deputy, effective June 4, 2015 thru October 1, 2015.

14.    On or about September 11, 2015, Plaintiff Phillip Scott Harwell ("Mr. Harwell") was driving his pick-up truck to his home at 30801 Sandridge Road in Ocean Park, hereinafter referred to as "the Harwell family home". Ocean Park is located in Pacific County.

15.    On that date, deputy Ross was on patrol in the area.

16.    On Sandridge Road, deputy Ross signalled Mr. Harwell to pull over for alleged speeding.  Mr. Harwell complied with the signal.  He parked in his driveway near the family home.  Deputy Ross asked Mr. Harwell for his license and registration.

COMPLAINT FOR DAMAGES- 3

**MUENSTER & KOENIG**
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL:  JMKK1613@AOL.COM

17. Mr. Harwell obtained his registration, sat in his truck, and held the registration in his hand. He advised deputy Ross that he would get him his license. Deputy Ross told Mr. Harwell he was under arrest.

18. Deputy Ross shot Mr. Harwell with his "M26" taser. Mr. Harwell fell onto the ground.

19. Deputy Ross shot Mr. Harwell a second time with the taser.

20. As Mr. Harwell lay on the ground, deputy Ross stuck the taser into Mr. Harwell's back and shoulder area and shot him a third time, in "drive stun".

21. Deputy Ross handcuffed Mr. Harwell.

22. Deputy Biggs arrived at the Harwell family home driveway. He examined the taser darts. He noted that one of the darts was too deep in Mr. Harwell's body to take out. Medics were summoned to the scene to perform the removal.

23. Mr. Harwell's property was removed from his person. A folding knife was removed from Mr. Harwell's right front pocket. Mr. Harwell did not touch, unfold, or draw the knife during this incident. Mr. Harwell did not reach into his pocket during the incident.

24. Mr. Harwell did not hold, display or brandish any weapon in either hand during the incident.

25. Mr. Harwell did not touch or attempt to touch deputy Ross during the incident.

26. Mr. Harwell did not resist arrest.

27. Mr. Harwell did not pose an immediate threat to deputy Ross.

COMPLAINT FOR DAMAGES- 4

**MUENSTER & KOENIG**
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL: JMKK1613@AOL.COM

28.     Mr. Harwell did not pose an immediate threat to Ross when Ross tasered him the first time.

29.     Mr. Harwell did not pose an immediate threat to Ross when Ross tasered him the second time.

30.     Mr. Harwell did not pose an immediate threat to Ross when Ross tasered him the third time.

31.     Mr. Harwell did not pose an immediate threat to any other deputy.

32.     Ross did not warn Mr. Harwell he would shoot him with the taser.

33.     At the time of the acts and omissions complained of, Scott Johnson was the Pacific County Sheriff and, as such, had executive and supervisory responsibility for the acts of deputy Ross. Mr. Johnson possessed final policy-making and decisional authority regarding issues of law enforcement, discipline and training within the Pacific County sheriff's office.   He was responsible for the policies, practices and customs of the Pacific County sheriff's office, as well as the hiring, screening, training, supervising, disciplining, counseling and control of the deputies under his command, including deputy Ross.

34.     Pacific County's policies, customs and/or usages were a proximate cause of the tasering of Mr. Harwell.

35.     Pursuant to Pacific County policy, custom and/or usage, Sheriff Johnson approved, acquiesced, ratified and condoned the actions of deputy Ross in this matter.

36.     The actions of defendants Pacific County and deputy Ross were done pursuant to, and in accordance with Pacific County policy, custom and/or usage.

COMPLAINT FOR DAMAGES- 5

**MUENSTER & KOENIG**
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL:  JMKK1613@AOL.COM

37. The first tasering of Mr. Harwell was unnecessary under the circumstances.

38. The first tasering of Mr. Harwell was unreasonable under the circumstances.

39. The second tasering of Mr. Harwell was unnecessary under the circumstances.

40. The second tasering of Mr. Harwell was unreasonable under the circumstances.

41. The third tasering of Mr. Harwell was unnecessary under the circumstances.

42. The third tasering of Mr. Harwell was unreasonable under the circumstances.

43. The Ninth Court Court of Appeals has described the impact of a taser shooting as follows:

> The pain is intense, is felt throughout the body, and is administered by effectively commandeering the victim's muscles and nerves. Beyond the experience of pain, tasers result in immobilization, disorientation, loss of balance, and weakness, even after the electrical current has ended. Moreover, tasering a person may result in serious injuries when intense pain and loss of muscle control cause a sudden and uncontrolled fall. (citations and internal quotation marks omitted). The experience of being shot with a Taser is a "painful and frightening blow."

*Bryan v. MacPherson,* 630 F.3d 805, 826 (9th Cir. 2010) (internal citations omitted).

COMPLAINT FOR DAMAGES- 6

**MUENSTER & KOENIG**
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL: JMKK1613@AOL.COM

44.    Pacific County's policies were a proximate cause of the taser shooting of Mr. Harwell.

45.    As a proximate result of the acts and omissions of Pacific County and its employee, deputy Ross, Mr. Harwell suffered personal injuries including, but not limited to, physical injuries, pain and suffering, and other consequential damages.

46.    Sheriff Scott Johnson is not named as a defendant in this lawsuit at this time.

## FIRST CAUSE OF ACTION:
## VIOLATION OF FOURTH AMENDMENT PROHIBITION AGAINST THE USE OF UNREASONABLE FORCE

47.    Plaintiff hereby incorporates and re-alleges as if fully set forth herein each and every allegation of paragraphs 1 through 46.

48.    The acts and omissions of defendants herein were done under color of state law, custom or usage.

49.    Phillip Harwell was seized, for purposes of the Fourth Amendment to the United States Constitution, by the acts and omissions of defendants as set forth herein.

50.    Phillip Harwell had a federally-protected right, under the Fourth Amendment, not to be subjected to the use of unreasonable force against his person.

51.    The acts and omissions of defendants herein proximately caused the deprivation of Phillip Harwell's Fourth Amendment rights.

COMPLAINT FOR DAMAGES- 7

**MUENSTER & KOENIG**
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL:  JMKK1613@AOL.COM

52.   As a proximate result of the acts and omissions of defendants and deprivation of his Fourth Amendment rights, Phillip Harwell suffered personal injuries including, but not limited to, bodily injury, pain and suffering, fear, emotional distress, medical costs and other consequential damages.

## SECOND CAUSE OF ACTION:
## MUNICIPAL LIABILITY OF PACIFIC COUNTY

53.   Plaintiff hereby incorporates and re-alleges as if fully set forth herein each and every allegation of paragraphs 1 through 52.

54.   At all times material to this complaint, defendant Pacific County, by and through its sheriff, Scott Johnson, had in effect certain explicit and de facto policies, practices and customs which were applied to the taser shooting of Phillip Harwell.

55.   The use of force policy of defendant Pacific County provided that deputy Ross could shoot Mr. Harwell with a taser under the circumstances described herein.

56.   For the purpose of the taser shooting herein, it was the policy, custom and practice of defendant Pacific County to utilize excessive force in violation of the Fourth Amendment rights of the plaintiff, as set forth hereinabove.

57.   It was further the policy of Pacific County, by and through its sheriff, Scott Johnson, to approve, acquiesce, condone and ratify the use of unreasonable force in violation of the Fourth Amendment rights of the plaintiff set forth hereinabove.

COMPLAINT FOR DAMAGES- 8

**MUENSTER & KOENIG**
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL:  JMKK1613@AOL.COM

58. For purposes of liability for said policies, practices and/or customs, sheriff Scott Johnson was the authorized policy maker on police matters, and his decisions, explicit and de facto, were and are binding on defendant Pacific County.

59. The policy, practice and custom of approving, acquiescing in, condoning and/or ratifying the use of unreasonable force in violation of the Fourth Amendment rights of the plaintiff was a deliberate choice by defendant Pacific County, by and through its sheriff.

60. Pursuant to Pacific County's policy approving, acquiescing in, condoning and ratifying the use of unreasonable force in violation of the Fourth Amendment rights of the plaintiff, no disciplinary action was taken by Sheriff Johnson against deputy Ross.

61. These policies, practices and customs were maintained with deliberate, reckless and/or callous indifference to the constitutional rights of the plaintiff as set forth hereinabove.

62. The above-described policies, practices and customs of defendant Pacific County proximately caused the deprivation of the Fourth Amendment rights of the plaintiffs.

63. As a proximate result of the above-described policies, practices and customs of defendant Pacific County, and as a result of the deprivation of plaintiff's Fourth Amendment rights, plaintiff suffered personal injuries as set forth hereinabove.

COMPLAINT FOR DAMAGES- 9

<u>JOINT AND SEVERAL LIABILITY</u>

64.    Defendant Pacific County is responsible for the fault of deputy Steven Ross, because deputy Ross was acting as an agent, employee or servant of the county.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff prays for relief as follows:

65.    <u>Compensatory Damages</u>: Defendants should be required to pay compensatory damages in an amount to be proven at trial.

66.    <u>Attorneys' Fees and Costs</u>:   Defendants should be required to pay the plaintiff's reasonable attorneys' fees and costs pursuant to Title 42, United States Code, § 1988.

67.    <u>Other Relief</u>:   The Court should grant the plaintiff such other and further relief as the Court deems just and equitable.

DATED this the 7th day of September, 2017.

Respectfully submitted,
MUENSTER & KOENIG

By: <u>S/John R. Muenster</u>
JOHN R. MUENSTER
Attorney at Law
WSBA No. 6237
jmkk1613@aol.com
Of Attorneys for Plaintiff

COMPLAINT FOR DAMAGES- 10

**MUENSTER & KOENIG**
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL:  JMKK1613@AOL.COM

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on or about the 7th day of September, 2017, I filed a true and correct copy of the foregoing document with the Clerk of the Court, to be served on counsel of record via ECF.

S/ John R. Muenster
Muenster & Koenig

COMPLAINT FOR DAMAGES- 11

MUENSTER & KOENIG
14940 SUNRISE DRIVE NE
BAINBRIDGE ISLAND, WASHINGTON 98110
(206) 501-9565
EMAIL:  JMKK1613@AOL.COM